UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13CV-00083-HBB

TIMOTHY DYKES                                                                                    PLAINTIFF

VS.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                             DEFENDANT

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 2) of Timothy Dykes ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 18) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered September 3, 2013 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on March 8, 2010 (Tr. 121). Plaintiff alleged that he became disabled on March 5, 2010 as a result of rheumatoid arthritis,

degenerative disc disease, and depression (Tr. 135, 139). On December 15, 2011, Administrative Law Judge Karen R. Jackson ("ALJ") conducted a video hearing from Lexington, Kentucky (Tr. 12). Plaintiff appeared in Campbellsville, Kentucky, and was represented by attorney Roger Riggs (Tr. 12). Also present and testifying was Laura Whitten, a vocational expert (Tr. 12).

In a decision dated February 24, 2012, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014 (Tr. 14). The ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 12-21). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 5, 2010, the alleged onset date (Tr. 14). At the second step, the ALJ determined that Plaintiff's rheumatoid arthritis; neck/intrascapular pain, status post cervical fusion; status post open reduction and internal fixation of right clavicle fracture with hardware fracture; obesity; depressive disorder, not otherwise specified; history of alcohol dependence; and hearing loss are "severe" impairments within the meaning of the regulations (Tr. 14). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work because he can lift and carry 20 pounds occasionally and 10 pounds frequently; he can stand and walk 6 hours of an 8 hour day; he can sit 6 hours of an 8 hour day; he can only occasionally climb ramps and stairs, and never ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, or crawl; he can no more than frequently reach overhead with the upper extremities; he should avoid concentrated exposure to temperature extremes, wetness, humidity, and hazards; he should keep his head and neck in a neutral position with no frequent

2

turning of the head; he is limited to work in an object focused environment in which contact with the co-workers, supervisors, and the general public is casual and occasional; he is limited to simple, repetitive work tasks; he can maintain attention and concentration for 2 hour segments in an 8 hour work day; he is able to adapt to gradual changes in a routine work environment; he should not have requirements for fast paced production quotas or goals; and he needs a moderately quiet work environment (Tr. 17). Additionally, the ALJ found that Plaintiff is unable to perform any past relevant work (Tr. 20).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 20-21). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 20-21). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 5, 2010, through the date of the decision (Tr. 21).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 8). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4, 5).

## CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an:

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

>be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serverices, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Services, 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff disagrees with Finding No. 5 because the ALJ failed to give great weight to the functional assessment forms completed by a longtime treating nurse practitioner, Debbie Martin, in October and December 2011 (DN 17, Fact and Law Summary and Memorandum at Pages 4-5). Additionally, Plaintiff argues the ALJ failed to comply with Social Security Ruling 96-2p because she failed to give good reasons for the weight accorded to Ms. Martin's opinions (DN 17, Fact and Law Summary and Memorandum at Pages 4-5). Notably, Plaintiff refers to Ms. Martin as a "treating professional" (DN 17, Fact and Law Summary and Memorandum at Pages 4-5). Defendant contends the ALJ's assessment of the opinions from the physicians and Ms. Martin is supported by substantial evidence and comports with applicable law (DN 18, Fact and Law Summary at Pages 4-8).

Finding No. 5 pertains to the fourth step in the sequential evaluation process. At that step, the Administrative Law Judge makes findings regarding the claimant's residual functional capacity. 20 C.F.R. §§404.1520(a)(4)(iv) and (e). The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what the claimant can do despite limitations caused by her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

The undersigned will begin by addressing the question of whether the treating source rule applies to Ms. Martin, a nurse practitioner. Notably, Plaintiff has not cited a regulation, Social Security Ruling[1] or a case that indicates the treating source rule applies to opinions rendered by nurse practitioners (DN 17, Fact and Law Summary at Pages 4-5). The law is well established. The treating source rule applies to a "medical opinion" rendered by a "physician" or other "acceptable medical source" who has, or has had, an ongoing treatment relationship with the claimant. 20 C.F.R. §§ 404.1502, 404.1513(a)(1), 404.1527(a)(2) and (c); Social Security Rule 96-2p; Gayheart v. Commissioner, 710 F.3d 365, 375-376 (6th Cir. 2013); Rogers v. Commissioner, 486 F.3d 234, 242

---

[1]Plaintiff did cite Social Security Ruling 96-2p in his argument (DN 17, Memorandum at Page 4). However, this ruling indicates the treating source rule applies only to doctors and other acceptable medical sources under the regulations. Social Security Ruling 96-2p.

(6th Cir. 2007); Wilson v. Commissioner, 378 F.3d 541, 544 (6th Cir. 2004). Additionally, the regulations expressly indicate only "acceptable medical sources" are qualified to render "medical opinions" about the nature and severity of a claimant's impairment, including limitations or restrictions imposed by the impairment. 20 C.F.R. §§404.1513(a) and (b)(6), 404.1527(a)(2). The regulations do not classify nurse practitioners as "acceptable medical sources." 20 C.F.R. § 404.1513(a). Instead, the regulations indicate nurse practitioners are one of several types of "*medical sources*" that are classified as "*other sources*" evidence. 20 C.F.R. § 404.1513(d)(1) (emphasis added). Applying the applicable law to the evidence in the record, the treating source rule does not apply to Ms. Martin because she is a nurse practitioner. 20 C.F.R. §§ 404.1502, 404.1513(a) and (d), 404.1527(c). Further, Ms. Martin is not qualified to render a medical opinion about restrictions imposed by Plaintiff's impairments because she is not an "acceptable medical source" and "treating source" under the regulations. 20 C.F.R. §§ 404.1502, 404.1513(a) and (d), 404.1527(c).

Although the treating source rule does not apply to the opinion rendered by Ms. Martin, Social Security Ruling 06-03p indicates the factors in 20 C.F.R. § 404.1527(c) can be applied when the ALJ assigns weight to her opinion.[2] This means the opinion can be weighed based on factors such as "the examining relationship (or lack thereof), specialization, consistency, and supportability..." Gayheart v. Commissioner, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)). Further, other factors that tend to support or contradict Ms. Martin's opinion may

---

[2]Social Security Ruling 06-03p specifically indicates the factors in 20 C.F.R. §§ 404.1527(d) and 416.927(d). However, subsequent to issuance of that ruling, the subsection lettering for these regulations changed. Effective March 26, 2012, section 416.927(d) became 416.927(c) and section 404.1527(d) became 404.1527(c). Therefore, the undersigned has cited the current regulatory sections.

7

be considered in assessing her opinion. Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)). Notably, Social Security Ruling 06-03p indicates not every factor in 20 C.F.R. §§ 404.1527(c) and 416.927(c) will apply in every case. Additionally, Social Security Ruling 06-03p indicates assessing opinions from "other sources" will depend on the particular facts of the case and each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and the weighing of all the evidence in that particular case.

The ALJ provided a thorough summary of the medical evidence in the record before addressing the weight assigned to the opinions from "acceptable medical sources" and Ms. Martin (Tr. 17-20). Additionally, the ALJ made the following observations regarding the medical evidence:

> The claimant's rheumatoid arthritis is noted as controlled with medication with minimal findings on examination, although Dr. Stern discusses problems with non-compliance (Exhibit 15F). In January of 2010, Dr. El-Kalliny, the claimant's neurosurgeon, stated that he would release the claimant to go back to work with no lifting over 40 pounds (Exhibit 1F). No treating physician has stated that the claimant is disabled, and the Administrative Law Judge's conclusion that the claimant is not disabled is further supported by the opinions of the State agency medical consultants.

(Tr. 20). The ALJ's discussion regarding the weight she accorded to the opinion of Ms. Martin reads as follows:

> In forms completed in October and December of 2011, Debbie Martin, ARNP, indicated that the claimant could stand for up to four hours per day and sit for a total of two hours; lift 20 pounds occasionally and five pounds frequently; never squat or crawl; only occasionally reach above shoulder level; and must change positions frequently, with no more than 15 to 20 minutes in any one position (Exhibits 18F, 21F). 20 C.F.R. Section 404.1513(a) and 416.913(a) list five categories of "acceptable medical sources" and do not include nurse practitioners. Sections 404.1513(d) and 416.913(d) classify nurse practitioners as "other sources" whose evidence may be used to show the severity of impairments and their effect on the claimant's ability to work. Under the regulations, the Administrative

> Law Judge therefore has the discretion to determine the appropriate weight to accord the nurse practitioner's opinion based on all the evidence before her. The Administrative Law Judge therefore gives less weight to this evidence than the other evidence in file, as Ms. Martin's opinion is inconsistent with examinations and observations by Dr. Rose, Mr. Schlenther, and Dr. Stern (Exhibits 4F, 15F, 17F, 23F).

(Tr. 19). Notably, Dr. Rose is the orthopedic surgeon who treated a comminuted mid-shaft fracture of Plaintiff's right clavicle from May through October 2010; Dr. Stern treated Plaintiff's rheumatoid arthritis from August 2009 through July 2010; and Mr. Schlenther is a Physician's Assistant with Central Kentucky Spine Surgery who treated Plaintiff's complaints of neck pain from February through June 2011 (Tr. 260-284, 340-345, 346-381, 397-404, 436-455). Further, on October 12, 2010, the date Ms. Martin noted severe restrictions, Dr. Rose observed that Plaintiff was doing great, had a full range of motion, and there is no real pain except with "heavy lifting" (Tr. 397). In sum, the ALJ found Ms. Martin's limitations were not consistent with substantial medical evidence in the record. Thus, the ALJ provided good reasons for discounting Ms. Martin's opinion. The undersigned concludes that the ALJ's findings regarding the weight accorded to Ms. Irvin's opinion are supported by substantial evidence in the record and fully comport with applicable law.

Plaintiff's subjective statements that he is experiencing pain and other symptoms will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. § 404.1529(a). In determining whether Plaintiff suffered from debilitating pain and other symptoms, the ALJ appropriately applied the two-part test set forth in <u>Duncan v. Secretary of Health and Human Serv's.</u>, 801 F.2d 847, 853 (6th Cir. 1986) (Tr. 17-20). The ALJ examined the record and concluded there was objective medical evidence of

9

underlying medical conditions (Tr. 17-20). Then the ALJ determined the objectively established medical conditions were not of such severity that they could reasonably be expected to produce the alleged disabling pain and other symptoms (Tr. 17-20). Id. Because the reported pain and other symptoms suggested impairments of greater severity than could be shown by objective medical evidence, the ALJ considered other information and factors that may be relevant to the degree of pain and other symptoms alleged (Tr. 17-20). 20 C.F.R. § 404.1529(c)(3). For example, the ALJ considered Plaintiff's level of daily activity in determining the extent to which pain and other symptoms were of disabling severity (Tr. 17-20). 20 C.F.R. § 404.1529(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Secretary of Health and Human Serv's., 927 F.2d 228, 231 (6th Cir. 1990). Further, the ALJ considered whether there were any inconsistencies in the evidence and the extent to which there were any conflicts between Plaintiff's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). Notably, Plaintiff alleged an onset of disability beginning March 5, 2010, yet he felt healthy enough to operate a four-wheeler on May 31, 2010[3] (Tr. 340-345). Another factor the ALJ considered is the medication used to alleviate the alleged pain and other symptoms (Tr. 17-20). 20 C.F.R. § 404.1529(c)(3)(iv).

The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain and other symptoms to the extent he testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Because tolerance of pain is a highly individualized matter, and a determination of

---

[3]On May 31, 2010, Plaintiff was involved in a four-wheeler accident and sustained a comminuted mid-shaft fracture of his right clavicle (Tr. 341-345, 397-404). Additionally, by August 6, 2010, Plaintiff fractured the Smith and Nephew 10-hole superior and medial locking plate that Dr. Rose used during the open reduction and internal fixation procedure to repair the fracture (Tr. 400-401).

disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Secretary of Health and Human Serv's., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Secretary of Health, Educ. and Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law, including the regulations for evaluating consultative and treating physician's opinions and pain. See 20 C.F.R. §§ 404.1519a-p, 404.1527, 404.1529. Additionally, the undersigned concludes the ALJ's residual functional capacity finding is supported by substantial evidence and fully comports with applicable law.

Additionally, Plaintiff asserts the ALJ failed to consider the combined effects of all of his impairments in assessing his disability claim (DN 17, Memorandum at Page 2). The undersigned has carefully reviewed the ALJ's decision and concludes there is no merit to Plaintiff's assertion. At the third step the ALJ specifically indicated she considered the combination of Plaintiff's impairments in determining whether he met or medically equaled a listed impairment in Appendix 1 (Tr. 15). Further, the ALJ's residual functional capacity finding and the discussion that follows indicates the ALJ considered the combined effects of all of his impairments (Tr. 17-20).

Plaintiff also appears to challenge the ALJ's findings at the Fifth step based on his disagreement with the residual functional capacity finding at the fourth step (DN 17, Memorandum at Pages 1-5). There is no merit to Plaintiff's position. The vocational expert's testimony was based on a hypothetical question that accurately portrayed the plaintiff's physical and mental impairments. Therefore, the vocational expert's testimony constitutes substantial evidence to support the ALJ's

finding that Plaintiff is capable of performing a significant number of jobs existing in the national economy.  Bradford v. Secretary, Dep't. of Health and Human Serv's., 803 F.2d 871, 874 (6th Cir. 1986) (per curiam);  Varley v. Secretary of Health and Human Serv's., 820 F.2d 777, 779 (6th Cir. 1987).

For the foregoing reasons, the undersigned concludes that the ALJ's findings are supported by substantial evidence and comport with applicable law.  Therefore, judgment will be granted for the Commissioner.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

This is a final and appealable Order and there is no just cause for delay.

Copies:        Counsel